**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**VARNITA CONNER-COOLEY**
       **Plaintiff,**

v.                                                             **Case No. 09-C-1083**

**AIG LIFE BROKERAGE**
        **Defendant.**

---

## DECISION AND ORDER

On December 8, 2011, I entered a default judgment in the amount of $373,443.36 against AIG Life Brokerage, the defendant identified in the caption of the complaint. Before me now is the motion of AIG Life Brokerage, more properly known as American General Life Companies, LLC, to set aside that judgment and dismiss the complaint.

### I. BACKGROUND

Several years ago, Varnita Conner-Cooley commenced administrative proceedings before the U.S. Equal Employment Opportunity Commission ("EEOC") and the Wisconsin Equal Rights Division against her employer. She alleged that she had been discriminated against on the basis of disability. During the course of the administrative proceedings, Conner-Cooley's employer identified itself as "American General Life Companies." See Aff. of Deborah A. Krukowski Exs. 1 &2, ECF No. 33. The administrative proceedings did not result in a finding of liability, and on August 18, 2009, the EEOC notified Conner-Cooley of her right to sue.

On November 17, 2009, Conner-Cooley, through her attorney, Shannon McDonald, filed a complaint under the Americans with Disabilities Act in this court against "AIG Life

Brokerage." The complaint identified AIG Life Brokerage as Conner-Cooley's employer and stated that its principal place of business was 750 West Virginia Street, Milwaukee, Wisconsin.

About ten months after the complaint was filed, I noticed that the defendant had not appeared and that plaintiff had not filed proof of service. On September 19, 2010, I warned plaintiff that unless she filed proof of service within twenty-one days, I would dismiss the complaint without prejudice.

On October 6, 2010, plaintiff filed an affidavit from a process server in which he stated that he had served a copy of the summons and the complaint on AIG Life Brokerage's authorized agent for service of process on March 18, 2010. Upon review of that affidavit, I issued an order noting that more than six months had past since the defendant had been served, yet plaintiff had not taken any action to prosecute the case, such as moving for entry of the defendant's default. I warned plaintiff that unless she took some action to prosecute the case, I would dismiss it without prejudice.

On November 2, 2010, plaintiff filed a motion for a default judgment. The Clerk of Court entered the defendant's default pursuant to Federal Rule of Civil Procedure 55(a) on December 9, 2010. On the same date, I issued an order instructing plaintiff that she could prove the amount of her damages by submitting a brief and appropriate affidavits.

Plaintiff filed a brief and affidavits regarding the amount of her damages on January 14, 2011. In those materials, plaintiff claimed that she had been employed by American International Group, Inc., and that therefore her employer had more than 501 employees and was subject to the highest possible statutory damages cap. See 42 U.S.C. § 1981a(b)(3). However, I noted that the defendant identified in the caption of the

complaint was "AIG Life Brokerage," not American International Group, Inc., and that there was no proof in the record showing that "AIG Life Brokerage" and "American International Group, Inc.," were different names for the same entity. On March 1, 2011, I issued an order noting this discrepancy and giving plaintiff an opportunity to prove that she had been employed by American International Group., Inc. On March 30, 2011, plaintiff submitted additional materials in an attempt to prove that she had been employed by American International Group, Inc., but in an order dated August 10, 2011, I found that her proof was insufficient. I therefore refused to use the number of employees of American International Group, Inc., for purposes of identifying the appropriate damages cap. However, I informed plaintiff that if she still wished to obtain a default judgment against the named defendant, AIG Life Brokerage, she could resubmit her motion for default judgment and omit any reference to the number of employees at American International Group, Inc.

When plaintiff did not file a new motion for default judgment by the deadline set in my prior order, I entered an order dismissing this case for lack of prosecution. However, shortly after I entered that order, plaintiff filed a petition to reinstate the case, which I granted.

On November 28, 2011, plaintiff filed a new brief and new affidavits supporting her motion for a default judgment. This time, plaintiff submitted evidence indicating that "AIG Life Brokerage Group" had between 250 and 500 employees. I accepted this evidence and determined that the proper damages cap was $200,000. To this amount of damages, I added $173,443.36 in back pay, prejudgment interest, and costs and attorneys' fees. Thus, on December 8, 2011, a default judgment was entered against AIG Life Brokerage in the amount of $373,443.36.

On December 13, 2011, the defendant made its first appearance in this case by filing the motion to set aside the default judgment and dismiss the complaint that is presently before me. As it turns out, an attorney for the defendant was aware of this case since the day it was filed. Michael J. McKiernan, the deputy general counsel for American General Life Companies, LLC, and the attorney responsible for the defense of plaintiff's employment-discrimination claim, see McKiernan Aff. ¶ 1, ECF No. 32, states that he was aware that plaintiff's complaint had been filed on November 17, 2009, see Supp. McKiernan Aff. ¶¶ 10–11, ECF No. 38. He also states that he had been monitoring this case via the court's electronic filing system since early July 2011. Supp. McKiernan Aff. ¶ 12. By that time, the defendant's default had been entered by the Clerk, I had denied plaintiff's motion for default judgment based on the number of employees at American International Group, Inc., and plaintiff had refiled her request for a default judgment based on the number of employees at American International Group, Inc.

Upon learning of the status of this case, McKiernan began to investigate whether plaintiff had properly served American General Life Companies, LLC, with the summons and complaint. "American General Life Companies, LLC" is the correct legal name of plaintiff's employer. "AIG Life Brokerage" is the name of an internal division within American General Life Companies, LLC; it is not a distinct legal entity. McKiernan Aff. ¶¶ 7–9, ECF No. 32. According to the affidavit of plaintiff's process server, he delivered a copy of the summons and the complaint to Corporation Service Company ("CSC"), which is the registered agent for service of process for American General Life Companies, LLC, see Supp. Mckiernan Aff. ¶ 13, ECF No. 38, on March 18, 2010. On March 22, 2010, CSC

sent a form letter to Attorney McDonald entitled "Rejection of Service of Process." See Mot. to Set Aside Default J. Ex. 2, ECF No. 31-2. The letter stated as follows:

> The service of process received for [AIG Life Brokerage] cannot be forwarded to the intended party for the reason(s) listed below.
>
> Because two different companies can have very similar names, the name of the company for whom service is directed MUST BE IDENTICAL to the company name on file with the Secretary of State, or other appropriate state agency.
>
> Our records are confidential. We do not release any information on our clients, agent representation or service received. We suggest you contact the Secretary of State, or other appropriate agency, for more information.

Id.

After reviewing the actions of plaintiff's process server and CSC, McKiernan concluded that American General Life Companies, LLC, had not been properly served with process and therefore did not need to make an appearance in the case. Thus, McKiernan did not submit a brief in opposition to the request for a default judgment that was pending as of early July 2011. Likewise, when I issued my August 10, 2011 order inviting plaintiff to submit a fresh request for a default judgment based solely on the number of employees at AIG Life Brokerage, McKiernan did nothing. However, when plaintiff actually filed her fresh request for a default judgment, McKiernan decided to act. The day after plaintiff filed that request, McKiernan sent a letter to Attorney McDonald offering to accept service of an amended complaint naming American General Life Companies, LLC, as the defendant. McKiernan instructed McDonald to forward such a complaint to him by December 12, 2011. However, on December 8, 2011, I entered the default judgment. McDonald therefore did not respond to McKiernan's letter, and American General Life Companies, LLC, made its

5

first appearance in this case and filed the present motion to set aside the default judgment and dismiss the complaint.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Essentially, American General Life Companies, LLC, which from now on I will refer to as "American General," contends that the entry of default and default judgment should be set aside on the ground that American General was never properly served with process.[1] For the same reason—i.e., lack of proper service of process—American General moves to dismiss the complaint.

The only defect in service that American General identifies in its motion is the naming of AIG Life Brokerage as the defendant rather than American General.[2] However,

---

[1] American General also contends that Attorney McDonald engaged in misconduct within the meaning of Rule 60(b)(3) by representing that AIG Life Brokerage was her employer, but I disagree. Although AIG Life Brokerage is not the correct legal name of the defendant, it was not a misrepresentation to state that AIG Life Brokerage was plaintiff's employer. AIG Life Brokerage was a name used by American General Life Companies, LLC, and so it was correct to state that plaintiff was employed by AIG Life Brokerage, even if it would have been more precise to state that plaintiff was employed by American General Life Companies, LLC.

[2] In its reply brief in support of its motion, American General for the first time argued that no summons was served on CSC. However, in waiting to raise this particular defect in service until its reply brief, American General has forfeited it. See O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398–1401 (7th Cir. 1993); Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 571 (7th Cir. 2012). For this reason, plaintiff's motion to strike the portion of the reply brief in which this argument appears will be granted. In any event, the argument would have failed on its merits. Plaintiff's process server stated in his affidavit that he served a copy of the summons and the complaint on CSC, and American General has not submitted any contrary evidence. See O'Brien, 998 F.2d at 1398 ("A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'") Although American General's lawyers submit

6

"[a] defendant who is clearly identified by a summons and complaint and who has been served with those documents may not avoid the jurisdiction of the district court merely because he is incorrectly named in them." Tremps v. Ascot Oils, Inc., 561 F.2d 41, 44 (7th Cir. 1977). Rather, service is proper despite a misnomer if the complaint is "not susceptible to any reasonable doubt or confusion about who it was the plaintiff intended to sue." Id. As the Seventh Circuit has explained,

> [a] suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . , it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

Id.

In the present case, American General does not point to facts indicating that identifying the defendant as AIG Life Brokerage created any reasonable doubt or confusion about who it was that plaintiff intended to sue. It does not, for example, submit an affidavit from CSC stating that when it received the summons and complaint it could not determine which, if any, of its clients plaintiff intended to sue. As far as the record reveals, CSC knew

---

affidavits stating that they searched American General's files and could not find a copy of the summons, that is not inconsistent with plaintiff's having served CSC with the summons, since instead of forwarding copies of the summons and complaint to American General, CSC returned them to Attorney McDonald.

Also, if my memory is correct, at oral argument on the present motion, counsel for American General pointed out that the process server's affidavit indicates that CSC was served on the 121st day after the complaint was filed—one day too late. See Fed. R. Civ. P. 4(m). However, counsel's comment does not appear in the transcript of the oral argument, and so it is possible that my memory is not correct. In any event, assuming that counsel did raise this defect at oral argument, that would have been too late. See Quality Oil, Inc. v. Kelley Partners, Inc., 657 F.3d 609, 614–15 (7th Cir. 2011) (arguments raised for the first time at oral argument are waived).

exactly who it was that plaintiff intended to sue but decided to return the summons and the complaint to plaintiff based on its policy of returning process when the name of the defendant is not identical to the name that CSC has on file. Moreover, the facts in the record indicate that any person with authority to receive service of process for American General (i.e., an officer, managing or general agent, or agent authorized to receive service of process, see Fed. R. Civ. P. 4(h)(1)(B)) would have known after reading the complaint and conducting a cursory investigation that American General was the intended defendant. "AIG Life Brokerage" was a name that American General used for the division in which plaintiff worked. See Supp. McKiernan Aff. ¶ 9, ECF No. 38 ("Ms. Connor-Cooley worked on the insurance products allocated to the internal designation, AIG Life Brokerage."). When the EEOC issued its right-to-sue letter, which it forwarded to American General's counsel, it identified the defendant as "AIG Life Brokerage." See Supp. McKiernan Ex. 2, ECF No. 38-2. American General maintained an office at 750 West Virginia Street in Milwaukee, and the complaint identified the defendant by that address. True, the complaint incorrectly described that address as the defendant's "principal place of business,"[3] but this error could not have created reasonable doubt or confusion about the identity of the intended defendant. Accordingly, American General was served with sufficient process even though the summons and the complaint identified the defendant as AIG Life Brokerage.

American General points out that CSC "rejected" service of process. However, no provision of law of which I am aware permits a defendant or its authorized agent to reject

---

[3]American General's principal place of business is in Texas. See McKiernan Aff. ¶ 6, ECF No. 32.

a summons that has been properly served. On March 18, 2010, plaintiff's process server personally delivered a copy of the summons and the complaint to CSC, which was American General's authorized agent for service of process. For the reasons already discussed, the fact that the summons identified the defendant as AIG Life Brokerage rather than American General did not render service defective. Accordingly, American General was properly served with the summons and the complaint on March 18, 2010. See Fed. R. Civ. P. 4(h)(1)(B). CSC's "rejection" of that service a few days later had no legal effect whatsoever.

At oral argument, counsel for American General asked me to identify the entities that are responsible for paying the default judgment. For purposes of resolving the motion before me, that is not a question I need to answer. The judgment that American General has moved to set aside names AIG Life Brokerage as the defendant. Now that I have decided to leave that judgment alone, it is up to plaintiff to determine what she wants to do with it. On the present record, however, I see no reason why plaintiff could not enforce the judgment against American General since, despite the misnomer, American General has been the defendant all along.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendant's motion to set aside the default judgment and dismiss the complaint is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike is **GRANTED** to the extent that Part I of the Argument section of American General's reply brief is **STRICKEN**.

Dated at Milwaukee, Wisconsin, this 10th day of May 2012.

                                              s/ Lynn Adelman
                                              LYNN ADELMAN
                                              District Judge