# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VARNITA CONNER-COOLEY**
   **Plaintiff,**

  v.               Case No. 09-C-1083

**AIG LIFE BROKERAGE**
   **Defendant.**

## DECISION AND ORDER

On December 8, 2011, I instructed the clerk to enter a default judgment in the amount of $373,443.36 against "AIG Life Brokerage," the defendant identified in the caption of the plaintiff's complaint. However, "AIG Life Brokerage" is not a distinct legal entity. It is the name of an internal division within American General Life Companies, LLC ("American General"). American General was the entity that employed the plaintiff and was the entity that the plaintiff intended to sue for violations of the Americans with Disabilities Act. In an order dated May 10, 2012, I denied American General's motion to set aside the default judgment and to dismiss the complaint. In that motion, American General argued that because the summons and the complaint served on American General's registered agent for service of process identified "AIG Life Brokerage" as the defendant, the plaintiff had failed to effect proper service in this case. In my order, I found that despite the misnomer, the summons and the complaint clearly indicated that the plaintiff had intended to sue American General, and that therefore American General had been properly served with process and was the actual defendant in this case. See Tremps v. Ascot Oils, Inc., 561 F.2d 41, 44 (7th Cir. 1977) ("A defendant who is clearly identified by a summons and

complaint and who has been served with those documents may not avoid the jurisdiction of the district court merely because he is incorrectly named in them."). Towards the end of my May 10 order, I noted that at oral argument, American General had asked me to identify the entities that were responsible for paying the default judgment. Because that question had not been briefed, I declined to answer it. However, I noted that on the record as it existed at the time, I saw no reason why the plaintiff could not enforce the judgment against American General since, "despite the misnomer, American General has been the defendant all along." May 10, 2012 Order at 9, ECF No. 50.

After I issued the May 10 order, the plaintiff initiated efforts to collect the judgment from American General. Those efforts included obtaining discovery in aid of the judgment pursuant to Federal Rule of Civil Procedure 69(a)(2).[1] On May 25, 2012, the plaintiff served notice of a Rule 30(b)(6) deposition along with a Rule 34 request for production of documents on American General.

Before me now is American General's motion for a protective order, in which it argues that because it is not the judgment debtor it is not subject to discovery under Rules 26–37 and therefore does not need to appear for the deposition or respond to the request for production of documents. According to American General, if the plaintiff wants to obtain discovery from it, she must serve it with a subpoena pursuant to Rule 45. The key premise of American General's argument is that it is not the judgment debtor. Thus, to resolve the

---

[1]Rule 69(a)(2) provides as follows:

In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

2

present motion I must answer the question I declined to answer in my prior order: whether American General is liable under the default judgment identifying "AIG Life Brokerage" as the defendant.

The answer is yes. As explained in my May 10 order, despite the misnomer, the summons and the complaint clearly indicated that American General was the intended defendant. Thus, under controlling law, American General has been the defendant all along. <u>Tremps</u>, 561 F.2d at 44. Although the words "AIG Life Brokerage" are printed above the word "Defendant" in the caption of the judgment, that does not absolve American General of liability for the judgment, since there is nothing magical about the words used to identify a defendant in a judgment. In its brief, American General points out that formalism is important when it comes to judgments under Rule 58. However, what American General is referring to is the requirement that a judgment be set out in a separate document. <u>See</u> Fed. R. Civ. P. 58(a). In the present case, that formality was observed. There is nothing in the text of Rule 58 (or anywhere else) stating that a judgment that has been set out in a separate document may not be enforced against a defendant unless that defendant is identified by its proper legal name in the caption of the judgment. Accordingly, American General is and always has been the judgment debtor.

As the judgment debtor, American General is subject to discovery under Rules 26–37. Thus, the plaintiffs' discovery requests are proper, and American General's motion for a protective order will be denied.

Because American General is and always has been the judgment debtor, and to prevent further confusion, I will order the clerk of court to correct the judgment so that it

3

identifies American General as the defendant in the caption.[2] I am issuing this order under Federal Rule of Civil Procedure 60(a), which permits a court to correct a judgment at any time on its own motion. Rule 60(a) applies to the present situation because I am causing the judgment to reflect what has been the case all along, not changing the meaning of the judgment or altering the legal rights of the parties. See 11 Charles Alan Wright et al., Federal Practice and Procedure § 2854 (2d ed. 1995) (observing that courts have held that Rule 60(a) can be used to correct a misnomer). Put differently, I am causing the judgment to reflect "the result intended by the court at the time the order was entered"—which was to enter a default judgment against the entity that the plaintiff had served with process and that had failed to plead or otherwise defend. See Am. Fed'n of Grain Millers v. Cargill Inc., 15 F.3d 726, 728 (7th Cir. 1994).

Accordingly, **IT IS ORDERED** that the defendant's motion for a protective order is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk of court shall correct the judgment entered on December 8, 2011, to reflect that the correct legal name of the defendant is American General Life Insurance Company.

---

[2]On December 31, 2011, American General Life Companies, LLC, merged with American General Life Insurance Company. On that date, the latter entity became liable for the obligations of the former. See ECF No. 51, ¶ 18. Thus, I will direct that the judgment be amended to identify the defendant as American General Life Insurance Company.

Dated at Milwaukee, Wisconsin, this 24th day of August 2012.

 s/ Lynn Adelman
LYNN ADELMAN
District Judge